CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Woo Properties**, a California General Partnership; **Charles Woo**; and Does 1-10, | |
| Defendants. | |

Plaintiff Chris Langer complains of Defendants Woo Properties, a California General Partnership; Charles Woo; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

1

Complaint

2.   Defendants Woo Properties and Charles Woo owned the real property located at or about 229 Boyd Street, Los Angeles, California, in February 2018.

3.   Defendants Woo Properties and Charles Woo own the real property located at or about 229 Boyd Street, Los Angeles, California, currently.

4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

8.   Plaintiff went to the property in February 2018 to buy party supplies at Michael's Import ("Store").

9.   The Store is a facility open to the public, a place of public accommodation, and a business establishment.

10. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

11. Unfortunately, the path of travel to the entrance of the Store required a person to navigate a step for which there was no ramp.

12. Currently, the path of travel to the business office entrance requires a person to navigate a step for which there is no ramp.

13. Plaintiff personally encountered this barrier.

14. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

15. Meanwhile, and even though plaintiff did not personally confront the barrier, although there were shelves and merchandise aisles open to customers for shopping, most paths of travel in and throughout these merchandise aisles were not accessible to wheelchair users because the defendants had a practice of placing merchandise and merchandise display on the route of travel restricting passage to less than 36 inches in width. In fact, most paths of travel are approximately 18 to 24 inches wide.

16. Transaction counter are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

17. The transaction counter at the Store was more than 36 inches in height. In fact, the transaction counter is 42 inches high.

18. There was no lowered, 36 inch portion of the transaction counter at the Store for use by persons in wheelchairs.

19. Additionally, defendants placed boxes in front of the transaction

3

Complaint

counter, which serves as an obstruction.

20. Currently, the transaction counter at the Store is more than 36 inches in height.

21. Currently, there is no lowered, 36 inch portion of the transaction counter at the Store for use by persons in wheelchairs.

22. Plaintiff plans to return and patronize the Store but will be deterred from visiting until the defendants remove the barriers.

23. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. Plaintiff is and has been deterred from returning and patronizing the Store because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

26. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

27. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this

4

Complaint

lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

28. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

31. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

32. Here, the unramped step is a violation of the ADA.

33. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

34. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

35. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches

6

Complaint

in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

36. Here, no such accessible counter has been provided in violation of the ADA.

37. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

38. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

39. Given its location and options, plaintiff will continue to desire to patronize the Store but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

41. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

42. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

7

Complaint

discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: March 8, 2018                CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

8

Complaint