PETER L. WALLIN, State Bar Number 41772
WALLIN, KRESS, REISMAN & KRANITZ, LLP
2800 Twenty Eighth Street, Suite 315
Santa Monica, California 90405
Telephone: (310) 450-9582
Facsimile: (310) 450-0506

Attorneys for Defendants
Woo Properties and Charles Woo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Woo Properties and Charles Woo and Does 1-10,<br><br>　　　　Defendants. | Case No. 2:18-cv-02005-JFW (ASx)<br><br>WOO PROPERTIES AND CHARLES WOO'S ANSWER TO COMPLAINT |

　　　　Defendants Woo Properties and Charles Woo in answer to the Complaint on file herein, allege as follows:

　　　　1.　　Defendants admit the allegations contained in Paragraph 1 of the Complaint.

　　　　2.　　Answering Paragraph 2 and 3 of the Complaint Defendants admit that, at all times relevant to this action, the real property at 229 Boyd Street, Los Angeles, California was owned by Woo Properties, a general partnership organized under the laws of the State of California. Defendants deny that the property is owned or was owned by Charles Woo.

/ / /

/ / /

3. Defendants are without information or belief regarding the allegations contained in Paragraph 4 of the Complaint, and based thereon, deny each and every allegation thereof.

4. For purposes of expediting the resolution of this action, Defendants admit the allegations of Paragraphs 5, 6, 7, 8, 10, 11, 13 and 14 of the Complaint.

5. Answering Paragraph 12 of the Complaint, Defendants deny that currently the path of travel to the entrance of the store requires a person to navigate a step for which there is no ramp and allege that prior to the service of the Complaint in this action Defendants had installed at the entrance to the store an ADA compliant ramp.

6. Answering Paragraph 15 of the Complaint Defendants deny that they placed merchandise and merchandise display in the aisles, but admit that their tenant, who is the operator of the Store and has dominion over the premises, had allowed items to be placed in the aisles that restricted passage to wheelchair users. Defendants deny the second sentence of Paragraph 15 and allege that prior to the service of the Complaint in this action the tenant had cleared the paths so that the paths of travel are now accessible to wheelchair users.

7. For purposes of expediting the resolution of this action, answering Defendants admit the allegations of Paragraph 16, 17, 18 and 19 of the Complaint.

8. Defendants deny the allegations of Paragraph 20 and 21 of the Complaint and allege that prior to the service of the Complaint in this action Defendants had installed an ADA compliant transaction counter in the premises.

9. Answering Paragraphs 22 and 23 of the Complaint Defendants admit that Plaintiff plans to return and patronize the Store and denies that he will encounter the barriers complained of because they have been eliminated and the premises now provide ready access to Plaintiff.

10. For purposes of expediting the resolution of this action, answering Defendants admit the allegations of Paragraphs 24, 25 and 26 of the Complaint.

11. Defendants deny the allegations of the first sentence of Paragraph 27 of the Complaint and admit the balance of the allegations therein.

12. Answering Defendants deny each and every allegation of Paragraph 28 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

13. Answering Paragraph 29 of the Complaint, Defendants repeat, reallege and incorporate by reference herein their answers to paragraphs 1 through 28 inclusive of the Complaint.

14. For purposes of expediting resolution of this action, answering Defendants admit the allegations of Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 of the Complaint as of the time that Plaintiff visited the Store, but deny that those conditions currently pertain in the Store.

## ANSWER TO SECOND CAUSE OF ACTION

15. Answering Paragraph 40 of the Complaint, Defendants repeat, reallege and incorporate by reference herein their answers to paragraphs 1 through 39 inclusive of the Complaint.

16. Defendants admit the allegations of Paragraph 41 and 42 of the complaint.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to each cause of action, Defendants allege as follows:

**First Affirmative Defense**

Defendant Woo Properties, and the tenant that operates the Store, are small businesses as defined in California Civil Code §55.56(g)(2)(B) and all construction related violations that are the basis of this claim were corrected before Defendants were served with the complaint. Accordingly, §55.56(g)(2) of the Civil Code provides that the minimum statutory damages in this case are $2,000.00.

///

**Second Affirmative Defense**

Plaintiffs have failed to state a claim under Unruh and the ADA as against Charles Woo as he is neither the owner nor the tenant of the Store or the property on which it is located.

## PRAYER

WHEREFORE, Answering Defendants respectfully request that judgment be entered against Woo Properties for statutory damages in the amount of $2,000.00, that Plaintiff obtain an award of costs and reasonable attorneys' fees, and the Court grant such other and further relief as it deems appropriate.

DATED: April 19, 2018            WALLIN, KRESS, REISMAN & KRANITZ, LLP


By_____/S/_____
    PETER L. WALLIN
    Attorneys for Defendants
    Woo Properties and Charles Woo